UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND et al.,<br><br>                Plaintiffs,<br>   v.<br><br>509 EXCAVATING LLC,<br><br>               Defendant. | CASE NO. 2:22-cv-00829-LK<br><br>ORDER VACTING ENTRY OF DEFAULT AND STRIKING MOTION FOR DEFAULT JUDGMENT |

      This matter comes before the Court on Plaintiffs' Motion for Default Judgment. Dkt. No. 10. Plaintiffs initiated this action against Defendant 509 Excavating LLC in June 2022, seeking to recover delinquent benefit contributions and related costs and damages pursuant to the parties' agreements and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. Dkt. No. 1 at 3–6. Plaintiffs filed an affidavit of service in July 2022, Dkt. Nos. 6–7, and moved for an entry of default following 509 Excavating's failure to appear or defend in this action, Dkt. No. 8. The Clerk of Court entered default against 509 Excavating on August 17, 2022 and Plaintiffs

subsequently moved for default judgment. Dkt Nos. 9–10. For the reasons discussed herein, the Court now VACATES the Clerk's entry of default, Dkt. No. 9, and STRIKES Plaintiffs' pending motion for default judgment, Dkt. No. 10, without prejudice to renew.

Local Civil Rule 55(a) requires an affidavit specifically showing that the defaulting party was served in a manner authorized by Federal Rule of Civil Procedure 4. In this case, Plaintiffs' counsel filed a declaration attesting that "[s]ervice was completed in a manner authorized by FRCP 4" through "personal service upon the Defendant's Registered Agent at the address listed with the Washington Secretary of State as shown on the Declaration of Service[.]" Dkt. No. 8 at 3. Federal Rule of Civil Procedure 4(h)(1) permits service on a partnership or other unincorporated association subject to suit under a common name in the manner allowed under Rule 4(e)(1), or by delivering a copy of the summons and complaint to an officer or authorized agent. Rule 4(e)(1), in turn, allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" As relevant here, Washington law provides that "[a] represented entity may be served with any process, notice, or demand required or permitted by law by serving its registered agent." Wash. Rev. Code § 23.95.450(1); *see also id.* § 4.28.080(9) (permitting service of summons on a company's registered agent); *BMO Harris Bank N.A. v. Miller Transp. LLC*, No. C20-148-RSM, 2020 WL 8617422, at *1–2 (W.D. Wash. May 5, 2020).

In this case, Plaintiffs state that they served 509 Excavating's "Registered Agent" through the Kittitas County Sheriff's office by serving Becky Christensen, who accepted service "on behalf of [her] daughter and son-in-law" and advised that "Defendants"—presumably 509 Excavating's officers or agents—were "in Mexico until Thursday." Dkt. No. 7 at 2; Dkt. No. 8 at 3. But nothing suggests that Ms. Christensen is a registered agent of 509 Excavating under Washington law or "an officer, a managing or general agent, or any other agent authorized by appointment or by law

to receive service of process" under Federal Rule 4(h)(1)(B). Indeed, Plaintiffs do not define Ms. Christensen's relation to 509 Excavating whatsoever. And the business information for 509 Excavating on the Washington State Corporations and Charities Filing System, of which this Court takes judicial notice, indicates that the registered agent at the time Plaintiffs attempted to serve 509 Excavating was David Cranefield. *See* Washington State Corporations and Charities Filing System, Search Results for 509 Excavating LLC, https://ccfs.sos.wa.gov/#/Home.

Accordingly, the Court finds that Plaintiffs have failed to demonstrate service in a manner authorized by Federal Rule of Civil Procedure 4, and vacates the prior entry of default, Dkt. No. 9. *See, e.g.*, *Villegas-Rubi v. Dynamic Change, Inc.*, No. 3:17-CV-01531-HZ, 2018 WL 706485, at *2–3 (D. Or. Feb. 5, 2018); *Crystal, China & Gold, Ltd. v. Factoria Ctr. Invs., Inc.*, 969 P.2d 1093, 1095–96 (Wash. Ct. App. 1999).

In light of the above, the Court also strikes Plaintiffs' pending motion for default judgment and attached declarations, Dkt. Nos. 10–13, without prejudice to renew. Plaintiffs are directed to consult Section VII of this Court's Updated Standing Order For All Civil Cases, Dkt. No. 14, prior to renewing their efforts to obtain default judgment.

For the foregoing reasons, the Court ORDERS as follows:

1. The Clerk's Entry of Default is VACATED, Dkt. No. 9.
2. Plaintiffs' Motion for Default Judgment and related declarations are STRICKEN without prejudice to renew, Dkt. Nos. 10–13.

Dated this 7th day of March, 2023.

Lauren King
United States District Judge